# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHERRELL, et al., | CASE NO. CV F 11-1785 LJO JLT |
| Plaintiffs, | **ORDER TO DISMISS REMAINING DEFENDANTS** |
| vs. | (Doc. 11.) |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

## BACKGROUND

This Court's December 22, 2011 order ("December 22 order") dismissed with prejudice defendants Bank of America, N.A. and ReconTrust Company, N.A. and noted irreparable deficiencies in the operative complaint of plaintiffs Adam K. Sherrell and Joni M. Sherrell (collectively the "Sherrells"). The December 22 order required the Sherrells, no later than January 6, 2012, to file papers to show cause why this Court should not dismiss this action against remaining defendants LSG Ventures, LLC and Law Office of Sandra Kuhn McCormack. The December 22 order "**ADMONISHES the Sherrells that this Court will dismiss this action against defendants LSG Ventures, LLC and Law Office of Sandra Kuhn McCormack if the Sherrells fail to comply with this order and fail to file timely papers to show cause why this Court should not dismiss this action against defendants LSG**

**Ventures, LLC and Law Office of Sandra Kuhn McCormack.**" (Bold in original.) The Sherrells filed no papers to address why this Court should not dismiss defendants LSG Ventures, LLC and Law Office of Sandra Kuhn McCormack.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as the Sherrells indicate a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

1 prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --
2 public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor
3 of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's
4 order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d
5 at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The December 22 order
6 **"ADMONISHES the Sherrells that this Court will dismiss this action against defendants LSG**
7 **Ventures, LLC and Law Office of Sandra Kuhn McCormack if the Sherrells fail to comply with**
8 **this order and fail to file timely papers to show cause why this Court should not dismiss this action**
9 **against defendants LSG Ventures, LLC and Law Office of Sandra Kuhn McCormack.**" (Bold in
10 original.) The Sherrells ignored the December 22 order in failing to address why defendants LSG
11 Ventures, LLC and Law Office of Sandra Kuhn McCormack should not be dismissed. As such, the
12 Sherrells disobeyed the December 22 order despite adequate warning that dismissal will result from
13 disobedience of this Court's order.

14 Moreover, the December 22 order demonstrates that the Sherrells lack a viable claim under their
15 complaint's theories. This Court construes absence of a response to the December 22 order as a
16 concession that the Sherrells lack viable claims against defendants LSG Ventures, LLC and Law Office
17 of Sandra Kuhn McCormack. As detailed in the December 22 order, the complaint's claims fail as
18 barred legally. The Sherrells lack viable claims.

19 This Court surmises that the Sherrells pursue this action in absence of good faith and that the
20 Sherrells exploit the court system solely for delay or to vex defendants. The test for maliciousness is
21 a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v.*
22 *Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th
23 Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss
24 case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can
25 be inferred from a complaint containing untrue material allegations of fact or false statements made with
26 intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex
27 or delay provides further grounds to dismiss this action against defendants LSG Ventures, LLC and Law
28 Office of Sandra Kuhn McCormack.

3

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice against defendants LSG Ventures, LLC and Law Office of Sandra Kuhn McCormack; and

2. DIRECTS the clerk to enter judgment in favor of defendants LSG Ventures, LLC and Law Office of Sandra Kuhn McCormack and against plaintiffs Adam K. Sherrell and Joni M. Sherrell and to close this action.

IT IS SO ORDERED.

Dated:   January 10, 2012                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE